ALVAREZ, DEMANDANTE Y APELANTE, v. SUCESORES DE C. & J. FANTAUZZI, DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre estorbo público (*nuisance*).

No. 1807.—Resuelto en diciembre 23, 1918.

ESTORBO PÚBLICO (NUISANCE)—FERROCARRILES.—Cuando los ferrocarriles han sido construídos con permiso de autoridad competente no se considera como estorbo o perturbación (*nuisance*) el ruido, humo, vibración, etc., que producen, aunque pasen por las calles de una población, a menos que tales molestias sean consecuencias de ser operados o manejados negligentemente.

FERROCARRILES—PERMISOS DE AUTORIDAD COMPETENTE—MUNICIPIOS.—Los municipios de Puerto Rico no tienen autoridad legal para conceder u otorgar permisos para el establecimiento de ferrocarriles por las calles de sus poblaciones.

ESTORBO PÚBLICO (NUISANCE)—DAÑOS PARTICULARES—DEMANDA SUFICIENTE.—Alega hechos suficientes determinantes de una causa por daños y perjuicios

una demanda en que se alegan como daños actuales, que el humo de las lo-
comotoras de un ferrocarril inunda el patio de una casa del demandante,
llenándolo de fragmentos de carbón, manchando y desfigurando su pintura,
y que además "la emanación fermental de un tanque para mieles que la
demandada tiene edificado en terrenos suyos, pero a veinte pulgadas de dis-
tancia del patio de la casa del demandante, precipita y contribuye a la oxi-
dación del techo."

ESTORBO PÚBLICO (NUISANCE)—ALEGACIONES DE DAÑOS A LA PROPIEDAD DE PAR-
TICULARES.—Cuando se alega que las emanaciones del tanque de mieles antes
expresado exhalan continuamente olores desagradables y emanaciones insa-
lubres que perjudican a los inquilinos de una casa propiedad del demandante,
se alegan hechos suficientes para determinar una causa de acción por
*nuisance,* porque los hechos expuestos producen molestia, daño, mal que esen-
cialmente menoscaba el libre goce de la vida y de la propiedad, perjuicio que
afecta a todos los habitantes de la población, pero que puede exigir el deman-
dante porque le causa perjuicios en su propiedad.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. Cervoni Gely.*

Abogado de los apelados: *Sr. José C. Ramos.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Lino M. Alvarez demandó en la Corte de Distrito de Gua-
yama a la sociedad industrial "Sucs. de C. & J. Fantauzzi"
por perturbaciones (*nuisances*) alegando en primer término
que hacía dos meses que había comprado una casa radicada
en la calle del Sol del pueblo de Arroyo, en esta isla, y que
una línea férrea que la demandada tiene construída desde
hace unos cinco o seis años para transportar principalmente
sus azúcares y lo demás que necesita entre su central azuca-
rera "Lafayette" y sus almacenes, al entrar en el pueblo de
Arroyo cruza la calle del Sol, con la sola autorización del
municipio, sin franquicia del Consejo Ejecutivo ni de auto-
ridad competente, y pasa a unos ocho pies de su casa, pro-
duciendo las trepidaciones de los trenes viva incomodidad
y malestar en los habitantes de ella, perturbándoles el sueño
cuando pasan de noche y haciéndoles incómoda y desagra-
dable la vida, y que, además, el humo de sus locomotoras
inunda el patio de la casa llenándolo de fragmentos de carbón,
mancha y desfigura la pintura de la casa y perjudica y des-
truye el confort de sus habitantes.

También alegó que la demandada ha edificado en terrenos suyos, pero a veinte pulgadas de distancia del patio del demandante, un gran tanque de hierro para depositar hasta más de cien mil galones de mieles, las que depositadas allí exhalan continuamente olores desagradables y emanaciones insalubres de fermentación natural que necesariamente tienen que respirar y aspirar los habitantes de su casa con gran perjuicio, peligro y detrimento para su salud, comodidad y bienestar.

Expuso asimismo que el ferrocarril y el tanque son obras permanentes, las molestias e inconvenientes que proporcionan perpetuos, que le han causado y le causan daños y perjuicios porque a causa de las incomodidades y peligros que proporcionan los trenes y las mieles su arrendatario no sólo se ha negado a mejorar el canon de arrendamiento sino que le ha notificado que se mudará de la casa tan pronto encuentre otra; que le han privado de hacer un negocio con ella; que le han atribuído a su propiedad fama de insalubre, incómoda y peligrosa, dificultando su alquiler; que la inhalación del ácido carbónico que emanan las mieles en fermentación y la aspiración del humo y de los fragmentos de carbón predisponen a los moradores de la casa a graves enfermedades, disminuye su valor, mancha y desfigura su pintura, ensucia el zinc y las paredes, y la emanación natural del tanque contribuye a la oxidación del techo y la precipita.

Después de consignar el demandante que por la proximidad del ferrocarril y del tanque a su casa es la única persona que en el pueblo de Arroyo sufre por ellos perjuicios de carácter privado, concluyó pidiendo al tribunal ordene que cese el tránsito del ferrocarril por el sitio donde se encuentra y que la demandada le pague seiscientos pesos por los daños y perjuicios alegados, más las costas y honorarios de su abogado.

La excepción de la demandada de que los hechos expuestos en esa demanda no determinan causa de acción en favor del demandante fué sostenida por la corte de distrito fun-

dándose en que no alega que el ferrocarril se opera y mantiene negligentemente; y en cuanto al tanque porque no consigna por qué constituye un estorbo público o privado. Habiendo rehusado el demandante enmendar su alegación, como le permitía la corte, pidió que se dictara sentencia, la que fué registrada declarando sin lugar la demanda con imposición de costas, desembolsos y honorarios de abogado y contra ella estableció la apelación que resolvemos.

Cuando los ferrocarriles han sido construídos con permiso de autoridad competente no se considera como estorbo o pertuación (*nuisance*) el ruído, humo, vibración, etc., que producen, aunque pasen por las calles de una población, a menos que tales molestias sean consecuencias de ser operados o manejados negligentemente. 33 Cyc. 644 y 645. La razón de esta regla está en los grandes beneficios que los ferrocarriles producen a la comunidad por lo que ante ellos cede el mal menor, si es natural de la explotación y no producto de negligencia en su manejo.

Sentado esto, la cuestión a decidir en este caso es si alegando la demanda que el ferrocarril de que se trata cruza la calle del Sol del pueblo de Arroyo con permiso de su municipio solamente, es éste suficiente para que se entienda construído con permiso de autoridad competente y sea por tanto necesario alegar que su manejo negligente es la causa del mal de que se queja el demandante.

Los municipios son creación de la legislatura y no tienen otros poderes que los que les delega; y entre las facultades que la legislatura concedió a los municipios no se encuentra la de otorgar permisos para que se establezcan ferrocarriles por las calles de sus poblaciones, pues la facultad que tienen por la ley para deslindar, abrir y conservar sus calles no comprende la de convertirlas en todo o en parte en un ferrocarril; y como no es inherente en los municipios el poder de conceder permisos de la naturaleza del que nos ocupa resulta claro que el ferrocarril de la sociedad demandada no cruza la calle del Sol de Arroyo con permiso de autoridad

competente. 28 Cyc. 866, 867 y 869. *Davis* v. *New York,*
14 N. Y. 506, 67 Am. Dec. 186. *Stevenson* v. *Missouri Pac.
R. Co.,* (Mo. 1895), 31 S. W. 793.

En apoyo de la sentencia alega el apelado que en la de-
manda se alegan dos clases de daños causados por el ferro-
carril, unos personales que sufren los inquilinos de la casa
y no el dueño, por lo que éste no puede basar en ellos su de-
manda; y otros a la propiedad, pero que éstos no correspon-
den al demandante sino al anterior dueño de la finca, al que
lo era cuando el ferrocarril fué construído, los que sólo po-
drían ser reclamados por el demandante en caso de que la
causa de acción le hubiera sido cedida.

Aunque eso es así, sin embargo la demanda alega también
otros daños que son actuales, que está sufriendo el deman-
dante, como el de que el humo de las locomotoras inunda el
patio de la casa llenándolo de fragmentos de carbón, man-
chando y desfigurando su pintura.

En cuanto al tanque se hace por el apelado la misma ale-
gación de no tener el demandante personalidad para reclamar
por los daños personales que sufren sus inquilinos con las
emanaciones de las mieles que tiene y agrega que no se alega
daño en cuanto a la propiedad, pero a este último extremo
se contesta diciendo que en el número cinco de la alegación
octava se expone textualmente que: "La emanación fermental
del tanque precipita y contribuye a la oxidación del techo."

Alega pues el demandante que sufre perjuicios en su pro-
piedad por ambas causas de acción y pudo por tanto estable-
cer su demanda.

En cuanto al fundamento del juez de que la causa de ac-
ción por el tanque no consigna por qué constituye un estorbo
público o privado nos bastará recordar que el demandante
alega en este particular que las emanaciones de las mieles
exhalan continuamente olores desagradables y emanaciones
insalubres que perjudican a sus inquilinos y a su propiedad;
alegaciones que constituyen un perjuicio o incomodidad (*nui-
sance*) porque los hechos expuestos en ellas producen molestia,

daño, mal que esencialmente interviene en el goce de la vida y de la propiedad; perjuicio que es público porque afecta a todos los habitantès de Arroyo pero que puede exigir el demandante porque le causa perjuicios en su propiedad. 29 Cyc. 1152.

Por las razones expuestas, teniendo la demanda hechos suficientes determinantes de causa de acción en favor del apelante, la sentencia debe ser revocada, debiendo continuar los procedimientos en la corte inferior.

> *Revocada la sentencia apelada y devuelto el caso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison firmó conforme con la sentencia.